IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY STALNAKER                                                                    PETITIONER

v.                                    Case No. 6:16-cv-6030

WENDY KELLY, Director,                                                             RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Danny Stalnaker ("Stalnaker"), an inmate confined in the Arkansas Department of Correction, Ouachita River Unit, Malvern, Arkansas, filed a Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Respondent, Director Wendy Kelly, filed a Response on May 23, 2016. ECF No. 7. Stalnaker has also filed a Reply in support of his Petition. ECF No. 8. The Court has reviewed the Petition, Response, Reply, and all exhibits submitted in this case. For the reasons set forth below the Petition should be dismissed.

**1.     Procedural Background**:[1]

On June 5, 2013, Stalnaker was convicted in Saline County, Arkansas, of second-degree murder and possession of a firearm by certain persons. ECF No. 1. He received sentences totaling 540 months in the Arkansas Department of Correction. Stalnaker appealed his convictions and on June 18, 2014, the Arkansas Court of Appeals affirmed his conviction. *Stalnaker v. State,* 2014 Ark. App. 412, 437 S.W.3d 700 (2014). In a petition filed August 11, 2014, Stalnaker timely sought Rule 37 relief in the circuit court. In an order filed September 11, 2014, the trial court

---

[1]The procedural background is taken from the Petition, Response, Reply, the attached exhibits, and matters of public record regarding this case.

1

denied relief. Stalnaker appealed the denial of post-conviction relief and on May 28, 2015, the Arkansas Supreme Court affirmed. *Stalnaker v. State,* 2015 Ark. 250, 464 S.W.3d 466 (2015).

On April 11, 2016, Stalnaker filed the current Petition. ECF No. 1. In the Petition, Stalnaker argues he is entitled to *habeas corpus* relief based on the following grounds: (A) - ineffective assistance of counsel during the trial and sentencing phase; (B) - ineffective assistance of counsel during the appeal phase; (C) – denial of counsel of choice during the Rule 37 phase; (D) – the trial judge misinterpreted the facts which resulted in a constitutional violation of Stalnaker's right to a trial by jury on a significant element of the crime; and (E) – the State Supreme Court affirmed dismissal of Stalnaker's Rule 37 Petition based on the trial court's erroneous interpretation of the facts from testimony during the trial. ECF No. 1, pgs. 3 – 5.

On May 23, 2016, Respondent filed a Response to Stalnaker's Petition. ECF No. 7. Respondent argues all of Stalnakers's claims should be dismissed because they lack merit and several of his claims are procedurally defaulted. ECF No. 7. Plaintiff filed a Reply to the Response on June 6, 2016. ECF No. 8.

**2.** **<u>Discussion</u>**:

Based on the information provided by Respondent, Stalnaker's Petition is timely under 28 U.S.C. § 2244(d)(1) and is not a second or successive petition governed by 28 U.S.C. § 2244(b). Therefore, the only issue before the Court is whether the Petition states a claim for *habeas corpus* relief.

**(A) Ineffective assistance of counsel during the trial and sentencing**

Stalnaker argues his trial counsel was ineffective during the trial and sentencing phase for several reasons:

(1) counsel failed to keep him informed of trial strategy;

(2) counsel did not call any defense witnesses to testify as to Stalnaker's character;

(3) counsel did not call any defense witnesses to testify as to the violent nature of the victim;

(4) counsel failed to procure a medical expert witness who could have rebutted the medical examiner's testimony with respect to the cause of death of the victim;

(5) counsel did not prepare himself with case law to argue points of relevant law when arguing before the trial judge;

(6) counsel was ineffective because he did not object to photographs the prosecutor used during sentencing;

(7) counsel failed to contest the firearm charge; and

(8) counsel told Stalnaker not to say that the victim threatened to "kill" him.

ECF No. 1, pgs. 3, 7.[1]

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on an ineffective assistance of counsel claim, under *Strickland*, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence," and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th

---

[1] Respondent points out Stalnaker raised issues 1, 2, 3, and 8 in his pro se Rule 37 petition. (*See* Record, CR-14-1083, at pages 11, 12). On appeal from the denial of Rule 37 relief, Stalnaker did not raise any of his current ineffective counsel claims. Respondent states claims 4, 5, 6, and 7 were not raised in state court in any manner. Even if some of Stalnaker's claims are procedurally defaulted, the Court will address each claim on the merits as none of his claims establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

Cir.1996) (citing *Strickland v. Washington*, 466 U.S. at 689)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003) (citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court must consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 341 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

However, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland*, 466 U.S. at 697. Accordingly, if there is no prejudice I will not address the reasonableness of counsel's alleged deficiency.

First, Stalnaker claims his counsel was ineffective because he did not share "trial strategy with me until day of trial". ECF No. 1, pg. 7. Simply put, even if Stalnaker had been informed prior to his trial of his attorney's strategy it would not have changed the outcome of the trial. Consequently, the failure of his counsel to inform him of trial strategy prior to trial did not prejudice Stalnaker in any way.

For his next two claims Stalnaker argues his counsel was ineffective because he did not call any defense witnesses to testify as to the character of the defendant and the violent nature of the victim. Stalnaker does not identify who the witnesses were nor does he offer any affidavits, or other proof, of what these witnesses's probable testimony would have been. Absent proof of what these witnesses may have testified about, Stalnaker cannot show prejudice in this instance. *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (holding that appellant who filed a § 2255 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial, as required by *Strickland*), cert. denied, 493 U.S. 898, 110 S. Ct. 252, 107 L. Ed.2d 201 (1989).

Fourth, Stalnaker asserts because the victim had allegedly been in a car wreck two weeks prior to his death, trial counsel should have called an independent witness to rebut the medical examiner's testimony that the victim died as a result of Stalnaker striking him in the head with a shotgun. However, in Arkansas, "a violent criminal takes his victims as he finds them." *Oglesby v. State,* 1998 WL 84097 (Ark. 1998). In *United States v. Long Feather,* 299 F.3d 915, 917 (8th Cir. 2002), the victim had been hospitalized for a head injury less than two weeks before his altercation with Long Feather. Long Feather suggested that this earlier injury played a role in the

victim's death. "While that may be true, we conclude that it does not matter: We adopt the common-law rule and hold that a defendant must take his victim as he finds him." *Id.* Because it is clear Stalnaker could not lessen his responsibility for the victim's death by arguing the victim's car wreck weeks earlier rendered him more susceptible to injury when Stalnaker struck him in the head with a shotgun, counsel was not ineffective for failing to hire an independent expert to so opine. "Failure to offer inadmissible evidence is not ineffective assistance" of counsel. *See Kavanagh v. Berge,* 73 F.3d 722, 736 (7th Cir. 1996).

Fifth, Stalnaker asserts counsel was ineffective because he had "no case law to substantiate any argument to the jury." ECF No. 1. The record indicates that Stalnaker's argument goes to his attorney's failure to have case law in hand when he unsuccessfully argued in chambers for a justification instruction under AMCI 2d 704 rather than AMCI 2d 705. (*See* Record, CR-13-1103, at 341). In any event, the appropriateness of the justification instruction was litigated on direct appeal and the Arkansas Court of Appeals held that, under the circumstances present in Stalnaker's case, AMCI 2d 705 was the proper instruction. *Stalnaker,* 2014 Ark. App. 412, 437 S.W.3d at 705. Given the Arkansas Court of Appeals decision on direct appeal that 705 was the correct justification instruction, Stalnaker cannot establish deficient performance and prejudice under *Strickland.* Although trial counsel ultimately was on the losing end of the instructional argument, he forcefully argued for this position. And, even assuming he had not so argued, there is no "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Sixth, Stalnaker asserts his trial attorney was ineffective for failing to object to photographs of the victim used during sentencing. Under *Payne v. Tennessee,* 501 U.S. 808 (1991), victim-impact evidence is constitutionally permissible in the sentencing phase of a murder trial. As

6

counsel is not required to make futile objections, *see Strickland v. Washington,* 466 U.S. 668, 689 (1984), his failure to do so does not constitute ineffective assistance of counsel.

Next, Stalnaker asserts his trial counsel was ineffective for failing to contest the firearm charge. However, in his Petition Stalnaker offers no argument on this point and argues no facts or basis on which counsel could have successfully challenged the charge. *Habeas Corpus* Rule 2(c) provides that a *habeas corpus* petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." The Advisory Committee's Note on *Habeas Corpus* Rule 4 states "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." In addition, the Supreme Court has made clear "[h]abeas corpus petitions must meet heightened pleading requirements, *see 28 U.S.C.* §2254 Rule 2(c)." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). *See also Mayle v. Felix,* 545 U.S. 644, 655 (2005). Thus, claim (A8) should be summarily dismissed for failure to set forth sufficient facts to support his claim.

Finally, Stalnaker asserts his attorney was ineffective because he told Stalnaker not to say that the victim threatened to "kill" him. He claims "Only on day of trial did Attorney Lloyd tell me I couldn't say that Patterson stated, "Kill you", which, I found out later that this was part of his "justification" presentation in chambers – in testimony, I told Jury exactly what Patterson said on the night of the incident – this angered Attorney Lloyd, I later found out." ECF No. 1, pg. 7. This claim is without merit. Stalnaker admits he disregarded his counsel's advice and told the jury the victim threatened to kill him. Consequently, his claim relating to his attorney's advice, which Stalnaker disregarded, had no influence on the jury's decision.

**(B) Ineffective assistance of counsel during the appeal phase**

Stalnaker asserts his lawyer on appeal was ineffective for failing to argue it was error for the trial court to refuse to give his lesser included offense instructions. On the Rule 37 appeal, the Arkansas Supreme Court rejected Stalnaker's claim:

> Therefore the sole question cognizable under the Rule is whether counsel erred by not raising on direct appeal the issue of the trial court's declining to give the proffered instructions on the two lesser included offenses. Stalnaker did not meet his burden of demonstrating that counsel was ineffective because he failed to show that the issue would have been meritorious. In assessing prejudice, courts "must consider the totality of the evidence before the judge or jury." *Strickland,* 446 U.S. at 695, 100 S. Ct. 1945. Here, there was evidence that Patterson, who had a blood alcohol content four times the legal limit for intoxication, was seated with his legs under the picnic table. Stalnaker went to retrieve a shotgun and, after briefly exchanging words with Patterson, swung the gun with great force "like a baseball swing" and struck Patterson in the head. Stalnaker testified that he struck Patterson because Patterson stood up and threatened him, but no other witness testified to Patterson's having threatened Stalnaker. There was testimony only that Patterson was verbally belligerent, obnoxious, and had made general threats to "kick" or "whoop" people. Considering the totality of the evidence adduced at trial and the court of appeals' decision that the facts supported a verdict of second-degree murder, Stalnaker did not establish that he was entitled to an instruction on negligent homicide or manslaughter. Stalnaker has not shown that there is a reasonable probability that the outcome of the trial would have been different had an instruction on the lesser included offenses been given to the jury.

*Stalnaker,* 2015 Ark. 250, 464 S.W.3d 466, 470.

Because Stalnaker raised this issue on Rule 37 appeal, this Court must consider the holding of the state appellate court on this federal constitutional claim raised by Stalnaker. However, this court must give great deference to the state court decision in that regard. Congress has prohibited federal courts from granting *habeas corpus* relief unless a state court's adjudication of a constitutional claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d) (1). The question is not whether a federal court believes the state court's ruling was incorrect, but whether the decision by the state court was unreasonable – a substantially higher threshold. *See Williams v. Taylor,* 529 U.S. 362 (2000). The ruling by the

Arkansas Supreme Court that appellate counsel was not ineffective because the instruction issue would not have found favor on direct appeal had it been raised is "not contrary to clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d)(1). The Arkansas court examined this claim in accord with established Supreme Court precedent. Its decision was not unreasonable, therefore the claim should be dismissed.

**(C) Denial of counsel of choice during the Rule 37 phase**

Stalnaker proceeded pro se during his Rule 37 petition. He now claims the trial judge wrongly denied his Rule 37 petition without giving him an opportunity to hire counsel and amend the petition. The Supreme Court has not recognized a constitutional right to the effective assistance of counsel during State initial-review collateral proceedings. *See Martinez v. Ryan,* 566 U.S. 1, 132 S. Ct. 1309 (2012). While Stalnaker may claim, under certain clearly defined circumstances, that his lack of counsel during initial-review collateral proceedings may provide cause to excuse the defaults of his trial-ineffectiveness claims, lack of state post-conviction counsel cannot, itself, serve as a basis for issuance of a writ of *habeas corpus*. *See also* 28 U.S.C. §2254(i) (providing that ineffective assistance of State post-conviction counsel is not a ground for relief in federal *habeas corpus*).

**(D) and (E) Trial judge's misinterpretation of facts and the State Supreme Court's affirmation of the dismissal of the Rule 37 Petition based on the trial court's erroneous interpretation of facts in testimony at trial.**

Stalnaker claims that the trial judge misinterpreted facts in violation of his right to a trial by jury. He also asserts the Arkansas Supreme Court also misinterpreted facts when it affirmed the denial of Rule 37 relief. Although this was a common theme during his Rule 37 proceedings, Stalnaker's assertion on Rule 37 was that the trial judge misinterpreted the facts and, consequently, erred in his dismissal of his claim that counsel was ineffective for failure to adequately argue for lesser included offense instructions. Stalnaker never asserted in state court that the trial court

misinterpreted facts in violation of his right to a jury trial. Consequently, that claim is procedurally defaulted. Because the equitable exception announced in *Martinez* does not extend to procedurally defaulted claims of trial error, Stalnaker's default is not excused. *See Dansby,* 766 F.3d at 832-834.

Even assuming, however, that the claim Stalnaker made in state court is sufficient to preserve his claim for review here, he is still not entitled to relief. As stated, Stalnaker's version of the trial evidence differed and continues to differ heavily from that of the trial judge who dismissed his Rule 37 petition. The trial judge found, "the facts of this case are that the Defendant walked away from the victim, picked up a weapon and intentionally swung the weapon at the victim's head." (Record, CR-14-1083, at 22). The evidence supports the trial judge's version of facts. A witness testified on June 6, 2012, several people were down at a "camp" by a river in Saline County, including Stalnaker and the victim. (Record, CR-13-1103, at 71-73). That evening, words were exchanged between the victim, who was very drunk, and Stalnaker. The heated exchange culminated with Stalnaker warning the victim not to say "another fucking word." The victim did say another word at which point Stalnaker walked several steps, picked up a shotgun and swung the barrel of the gun like a "baseball bat" at the victim's head. It hit the victim's head with a "thud" (*Id.* at 190), and the victim's head bled profusely. The force used was enough to lacerate the victim's head, fracture his skull, and cause his brain to bleed and to necrotize. (*Id.* at 269-270). The victim had no defensive wounds.

Stalnaker testified at trial that after he had fetched the gun, the victim got up and threatened him, so that is why he hit him with the gun. (*Id*. at 316-317). However, a pathologist testified that the victim's blood alcohol level was .345 – four times over the legal limit. (*Id.* at 276). Another witness testified the victim never made a physical move toward anyone. (*Id.* 121-122). A third

witness testified the victim was "mouthing" off but was not threatening and did not make a move toward Stalnaker or anyone else. (*Id.* at 191-192).

The Arkansas Supreme Court rejected Stalnaker's assertion that the facts had been misinterpreted in his case during his Rule 37 appeal:

> To establish that there would have been merit to the issue of whether the trial court erred in declining to give the instructions, Stalnaker appears to rely primarily on his belief that the trial court in its order misstated or misunderstood the facts of the case or failed to come to the correct conclusion, i.e. that Stalnaker acted in self-defense. He essentially argues that the facts, if accepted from his perspective, were not sufficient to sustain the judgment of conviction. Stalnaker's interpretation of the facts itself, however, is not a showing that the court of appeals would have reversed the judgement if counsel had raised on appeal the issue of the trial court's refusal to give instructions on negligent homicide and manslaughter.
>
> The sufficiency of the evidence, including the credibility of witnesses, was a matter to be decided at trial. Stalnaker's stringent disagreement with the trial court's statements concerning the facts of the case is not a ground to reverse the order denying postconviction relief.

*Stalnaker,* 2015 Ark. 250, 464 S.W.3d at 469-470.

To the extent Stalnaker may be arguing that lesser included offense instructions were improperly denied, such claim is procedurally defaulted because Stalnaker never challenged on direct appeal the trial court's decision not to give instructions on lesser included offenses. In addition, "[T]he failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir. 1990), *cert. denied,* 501 U.S. 1253 (1991). *See also Martin v. Norris,* 82 F.3d 211 (8th Cir. 1996).

Finally, Stalnaker reasserts his Rule 37 allegation that he was the victim of "trial penalty." ECF No. 1, pg. 36. Prior to trial, Stalnaker was offered a 31-year sentence if he pled guilty to second-degree murder. (Record, CR-13-1103, at 49-50). The sentence imposed for second-

degree murder after the jury trial was 35 years. (Record, CR-13-1103, at 26). The Arkansas Supreme Court rejected this claim:

> It is clear from the record that Stalnaker made the decision to be tried by jury. The mere fact that Stalnaker was later dissatisfied with his decision or that he received a longer sentence than he would have received had he accepted the plea bargain is not a basis for a collateral attack on a judgment under Rule 37.1.

*Stalnaker,* 2015 Ark. 250, 464 S.W.3d at 473. The decision by the Arkansas Supreme Court is not contrary to clearly established Federal law because leniency as consideration for a guilty plea is not constitutionally inappropriate. Accordingly, federal *habeas corpus* relief is not available. *Alabama v. Smith,* 490 U.S. 794, 795 (1989).

### 3. **Conclusion**:

None of Stalnaker's claims of ineffective assistance of counsel establish deficient performance and prejudice under *Strickland.* In addition, his claim he was denied counsel of choice during his Rule 37 proceeding and his claims the trial judge misinterpreted facts resulting in the state Supreme Court dismissal of his Rule 37 petition fail to state a constitutional claims under 28 U.S.C. § 2241(c) or § 2254(a).

### 4. **Recommendation**:

Based upon this review, the Court finds none of Stalnaker's claims entitle him to relief under 28 U.S.C. § 2254. Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice.[5] I also recommend any request for a Certificate of Appealability be **DENIED**.

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 16th day of May 2017.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE